UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60350-CIV-SMITH

G. ROBERT TONEY &
ASSOCIATES, INC,

    Plaintiff,

v.

M/Y BAD BOYZ, a 1999 Sea Ray 400 da
Motor Yacht, USCG Official Number
1087936, Hull Identification Number
SERF7464E999,

    Defendant.
_____/

**ORDER GRANTING IN PART
MOTION FOR FINAL DEFAULT JUDGMENT**

    This matter is before the Court on Plaintiff's Motion for Final Default Judgment and Order Selling Vessel [DE 25]. For the reasons that follow, Plaintiff's Motion is GRANTED IN PART.

**I.    BACKGROUND**

    On February 12, 2021, Plaintiff, G. Robert Toney & Associates, Inc., filed its Verified Complaint [DE 1] (the "Complaint") against Defendant M/Y BAD BOYZ, a 1999 Sea Ray 400 da Motor Yacht, USCG Official Number 1087936, Hull Identification Number SERF7464E999, her engines, apparel, tackle, boats, appurtenances, etc. (the "Vessel"), *in rem*, pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301 & 31341-43. The Complaint alleges that, in October 2020, Hugo Mesias, on behalf of the Vessel's owner, HMC Investments, LLC ("HMC"), hired TowBoatUS Miami to tow the Vessel to Plaintiff's facilities for the purpose of turning the Vessel over to the mortgage holder, Bank of America. (Compl. ¶ 7.) HMC knew that the Vessel would be stored at Plaintiff's facility at a rate of $3.00 per foot per day for dockage plus Hull Insurance. (*Id.* ¶ 8.) HMC agreed to store the Vessel at Plaintiff's facility; however,

despite demands for payment, HMC has failed to pay dockage and other expenses. (*Id.* ¶¶ 9, 11.) On April 17, 2021, the United States Marshal arrested the Vessel. (DE 18.) On June 10, 2021, Plaintiff filed its Motion for Final Default Judgment and Order Selling Vessel.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). Entry of a clerk's default alone does not warrant the entry of a default judgment by the court. *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (citing *Garrido v. Linden Contracting Servs.*, No. 14-cv-60469-KMM, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014)). The court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment. *See United States v. Kahn,* 164 F. App'x 855, 858 (11th Cir. 2006).

The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Although a defaulted defendant admits well-pleaded allegations of liability, allegations of damages are not admitted by virtue of default. *Robbie's of Key W.,* 470 F. Supp. 3d at 1268. Instead, if the admitted facts are sufficient to establish liability, the court must then ascertain the appropriate amount and character of damages and enter final judgment in that amount. *See Nishimatsu Contr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; *PetMed Express, Inc. v. MedPets.com, Inc.,* 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004). Ordinarily, the law requires the district court

---

[1] *See Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) ("the decisions of the United States Court of Appeals for the Fifth Circuit . . ., as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit").

to hold an evidentiary hearing to determine the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985). A district court may, however, award damages without an evidentiary hearing only if the record adequately reflects the basis for an award through a demonstration by detailed evidence establishing the necessary facts. *See id.*

### III.  DISCUSSION

The Verified Complaint alleges a single count for a maritime lien against the Defendant Vessel, pursuant to the Commercial Instrument and Maritime Lien Act, 46 U.S.C. §§ 31301 & 31341-43. The Federal Maritime Liens Act, 46 U.S.C. §§ 31341-31343, provides that any person who "provid[es] necessaries to a vessel on the order of the owner or a person authorized by the owner" has a maritime lien and may bring a civil suit *in rem* to enforce it. 46 U.S.C. § 31342. In order to establish the existence of a maritime lien on a vessel, a person must: (1) provide necessaries; (2) to a vessel; (3) on the order of the owner or agent; and (4) the necessaries must be supplied at a reasonable price. *See Barcliff, LLC v. M/V Deep Blue*, 876 F.3d 1063, 1067 (11th Cir. 2017) (quoting *Galehead, Inc. v. M/V Anglia,* 183 F.3d 1242, 1244 (11th Cir. 1999)). Courts construe "the term 'necessaries' liberally to include everything 'reasonably' needed in the ship's business, asking 'whether the goods or services in question were necessary to the continued operation of the vessel.'" *Moore v. M/V Sunny United States*, 847 F. App'x 603, 605 (11th Cir. 2021) (quoting *Bradford Marine v. M/V Sea Falcon*, 64 F.3d 585, 589 (11th Cir. 1995)).

Plaintiff has established the existence of a maritime lien on the Vessel. First, Plaintiff has established that it provided necessaries to the Vessel. *See Robbie's of Key W.,* 470 F. Supp. 3d at 1268 (citing *Am. Eastern Dev. Corp. v. Everglades Marina, Inc.*, 608 F.2d 123, 125 (5th Cir. 1979) (holding that dockage constitutes a necessary)). Second, Plaintiff has established that it provided the necessaries to the Vessel based upon an agreement by the Vessel's owner. (Compl. ¶ 9; *see*

3

*also* Declaration of Matthew Amata [DE 25-1] ("Decl. Amata") ¶¶ 3-4.) The necessaries appear to be a reasonable price, as the Vessel's owner agreed to the storage at the known rate. (Compl. ¶¶ 8, 9; *see also* Decl. Amata ¶ 6.) Accordingly, Plaintiff has established that it has a maritime lien on the Defendant Vessel.

Plaintiff seeks damages in the amount of $26,816.79, calculated through April 17, 2021, plus post-judgment interest, costs, and expenses. In support for its claim, Plaintiff has included a declaration by Matthew J. Amata, President of Plaintiff, and an invoice accounting for the expenses incurred during the relevant period. According to the record evidence, Plaintiff stored the Vessel at a rate of $3.00 per foot per day, which totals $25,406.18, inclusive of interest calculated at two percent. Plaintiff also seeks $812.15 for Hull Insurance and $700.00 in late fees. Plaintiff is entitled to the $25,406.18 incurred for storing the Vessel. *See Inbesa Am., Inc. v. M/V Anglia*, 134 F.3d 1035, 1037 (11th Cir. 1998); *see also Robbie's*, 470 F. Supp. at 1270 (citing *Bradford Marine, Inc. v. M/C Sea Falcon*, 64 F.3d 585, 588-89 (11th Cir. 1995)). Plaintiff is also entitled to $812.15 incurred for maintaining hull insurance on the Vessel. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598 (5th Cir. 1986) (en banc). However, Plaintiff is not entitled to the requested late fees. *See Robbie's*, 470 F. Supp. at 1270 (declining to award plaintiff late fees because a late fee is not a necessary provided to a defendant vessel). The remainder of damages sought by Plaintiff are denied without prejudice. Plaintiff may file a subsequent motion for post-judgment interest, costs, and expenses with sum-certain figures and sufficient supporting evidence. Accordingly, it is

    **ORDERED** that

    1. Plaintiff's Motion for Final Default Judgment and Order Selling Vessel [DE 25] is **GRANTED IN PART**.

        a. Plaintiff is awarded $25,406.18 for necessaries provided to the Vessel through April 17, 2021.

    b. Plaintiff's request for post-judgment interest, costs, and expenses is **DENIED without prejudice and with opportunity to refile**.

2. The M/Y BAD BOYZ, a 1999 Sea Ray 400 da Motor Yacht, USCG Official Number 1087936, Hull Identification Number SERF7464E999, her engines, apparel, tackle, boats, appurtenances, etc. shall be sold by the United States Marshall Service as soon as a sale can take place after the publication of Notice of Sale has been made in accordance with Local Admiralty Maritime Rules E(16) and A(7).

3. Plaintiff may bid all or any portion of its Judgment in lieu of paying cash at the sale.

4. All pending motions not otherwise ruled upon are **DENIED as moot**.

5. Any subsequent motions filed by Plaintiff relating to post-judgment interest, costs, or expenses are hereby **REFERRED** to United States Magistrate Judge Alicia O. Valle.

6. The Court shall enter judgment in a separate order, in accordance with Federal Rule of Civil Procedure 58.

7. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 24th day of August, 2021

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:    Counsel of record